IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JULIO CESAR ESQUIVEL, ) | |
| ID # 47062-177, ) | |
|         Movant, ) | No. 3:17-CV-1907-D-BH |
| vs. ) | No. 3:13-CR-411-D-3 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|         Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on July 18, 2017 (doc. 2). Based on the relevant filings and applicable law, the movant's motion should be **DENIED** with prejudice.

**I. BACKGROUND**

Julio Cesar Esquivel (Movant) challenges his federal conviction in Cause No. 3:13-CR-411-D-3. The respondent is the United States of America (Government).

**A.     Plea and Sentencing**

On October 3, 2013, Movant was charged by complaint with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846; he was later indicted for that offense on October 16, 2013. (*See* docs. 1, 49.)[2] He pleaded guilty to a superseding information charging him with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 on April 25, 2014. (*See* docs. 70, 72-73, 87.)

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:13-CR-411-D-3.

In his plea agreement, Movant agreed that he understood the nature and elements of the offense to which he was pleading guilty, and that the factual resume he signed was true and would be used as evidence. (*See* doc. 73 at 1.) He further agreed that the maximum penalty the Court could impose was a term of imprisonment of not more than twenty years, a fine not to exceed $1,000,000, and a term of supervised release of not less than three years. (*See id.* at 2.) The Government agreed not to bring additional charges based upon the conduct underlying and related to Movant's guilty plea. (*See id.* at 4.) Movant reserved the right to bring a direct appeal of a sentence exceeding the statutory maximum punishment, to challenge the voluntariness of his guilty plea or the appellate waiver, and to bring a claim of ineffective assistance of counsel. (*See id.* at 5.)

In the supporting factual resume, Movant admitted that between August 1, 2013 and September 27, 2013, he conspired to distribute methamphetamine, and that up until his arrest on or about October 4, 2013, he assisted his co-defendants in the distribution of narcotics and the collection of proceeds from the sale of methamphetamine. (*See* doc. 74 at 1-2.) He further admitted that he met with an individual on August 5, 2013 to discuss the distribution of narcotics and the related proceeds, and that he met with him on at least one other occasion and received drug proceeds from him. (*See id.* at 2.) Movant agreed that the factual resume was not intended to be a complete accounting of the facts related to the case, but it was intended to demonstrate that a factual basis existed for the guilty plea. (*See id.* at 3.)

**B.**     **Presentence Report**

On June 27, 2014, the United States Probation Office (USPO) filed a Presentence Report (PSR) that applied the 2013 United States Sentencing Guideline Manual (USSG). (*See* doc. 108 at 14, ¶ 52.) It stated that Movant met with an individual on August 5, 2013 and discussed the

distribution of methamphetamine and related proceeds, and that law enforcement observed him collect $10,000 in proceeds from that individual on August 23, 2013. (*See id.* ¶¶ 29, 31-32.) The PSR held Movant accountable for the $10,000 in drug proceeds, which it found was equivalent to 660 grams of methamphetamine based on the conspirators' price of $15,000 per kilogram, and calculated a base offense level of 32 under USSG §2D1.1. (*See id.* ¶¶ 19, 46, 53.) It assessed a two-level enhancement for maintaining a premises for the purposes of drug trafficking, a two-level enhancement for the importation of methamphetamine, and a three-level reduction for acceptance of responsibility, which resulted in a total offense level of 33. (*See id.*, ¶¶ 53-63.) With a criminal history category of one, the resulting advisory guideline range was 135 to 168 months of imprisonment. (*See id.*, ¶ 95.) The statutory maximum sentence was 20 years. (*See id.*, ¶ 94.)

Movant objected to the PSR based on (1) the failure to apply the safety-valve provision of USSG §5C1.2, (2) the failure to apply a mitigating-role adjustment, and (3) the application of the enhancements for maintaining a drug-involved premises and dealing in imported methamphetamine. (*See* doc. 113.) The Government did not object to application of the safety-valve provision and also agreed that there was insufficient evidence to warrant the drug-involved premises enhancement. (*See* doc. 115.) It advised of its intent to offer Movant a waiver of his right to later seek a sentence reduction under 18 U.S.C. § 3582 based on a proposed 2014 amendment to the guidelines manual that would lower the base offense level by two levels, and in exchange it would not oppose a two-lever downward variance from the total offense level based on the 2014 amendment. (*See id.* at 3.)

An addendum to the PSR found that Movant qualified for the safety-valve provision, removed the enhancement for maintaining a drug-involved premises, and calculated Movant's final offense level as 29, with a resulting guideline range of 87 to 108 months. (*See* doc. 117.) It also

3

noted the Government's statement that it would not oppose a 2-level downward variance based on the amendment, which would reduce the advisory guideline by 2 levels and result in range of 70 to 87 months. (*See id.*) Movant did not object to the addendum and withdrew his objections to the mitigating-role and importation enhancements, and in a sentencing memorandum, he argued for a sentence of 70 months or less. (*See* docs. 127, 132.) On August 8, 2014, Movant was sentenced to 78 months of imprisonment. (*See* doc. 137.)

On February 17, 2015, Movant filed a motion to vacate, set aside, or correct his conviction under 28 U.S.C. § 2255, asserting that his attorney was directed to file a direct appeal but failed to do so. (*See* 3:15-CV-553-D-BN, doc. 2.) The § 2255 motion was granted, judgment was entered again, and Movant filed a direct appeal. (*See* 3:15-CV-553-BN, doc. 26; doc. 216.) On May 12, 2017, the Fifth Circuit Court of Appeals dismissed the appeal. (*See* doc. 225.)

**C.     Substantive Claims**

Movant contends that his attorney rendered ineffective assistance by failing to object to the drug quantity calculation, which resulted in a higher sentence than necessary, or to conduct an investigation into the facts, law, and circumstances relating to the drug quantity determination. (*See* 3:17-CV-1907-D-BH, doc. 3 at 2, 8.) On November 14, 2017, the Government filed a response. (*See id.*, doc. 8.) Movant did not file a reply.[3]

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir.

---

[3] According to the Bureau of Prisons, Movant was released on July 19, 2019.

4

1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The

5

Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, a movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Moreover, conclusory allegations are insufficient to obtain relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

A.    **Drug Quantity**

Movant argues that his attorney failed to object to his drug quantity calculation, which resulted in a higher sentence than he would have otherwise received. (*See* 3:17-CV-1907-D-BH, doc. 3 at 2.) He claims that he specifically advised his attorney that he did not agree with the drug weight contained in the PSR, and that his attorney did not object to how the drug quantity was calculated. (*See* 3:17-CV-1907-D-BH, doc. 3 at 6-7.) He argues that there was nothing in the record to show that the $10,000 was for methamphetamine, where the investigation revealed that the conspiracy also involved other substances, such as cocaine. (*Id.* at 3-4.)

Movant was charged with, and pleaded guilty to, a methamphetamine conspiracy. (*See* docs. 70, 73, 74.) In the factual resume, Movant admitted that he assisted his co-defendants "in the collection of proceeds *from the sale of methamphetamine*," he met with an individual on August 5, 2013 to discuss the future distribution of methamphetamine and the related proceeds, and he met with him on at least one other occasion and received drug proceeds from him. (*See* doc. 74 at 2.) The PSR likewise reflected that Movant met with an individual on August 5, 2013 and discussed the distribution of methamphetamine and related proceeds, and that law enforcement agents saw him collect $10,000 in proceeds from that same individual on August 23, 2013. (*See* doc. 108, ¶¶ 29, 31-32.) Noting that the drug-trafficking organization of which Movant was a member charged $15,000 per kilogram of methamphetamine, it found that the $10,000 in drug proceeds was equivalent to 660 grams of methamphetamine. (*See* doc. 108, ¶¶ 19, 46). Movant assumes that the PSR arrived at 660 grams, which is two thirds of a kilogram, because $10,000 is two thirds of $15,000. (*See* doc. 3 at 4.)

Movant has not brought forward any evidence to show that the conspiracy involved any other

7

type of drug, or that the drug quantity was not appropriately calculated. His conclusory allegations are insufficient to obtain relief. *Woods*, 870 F.2d at 288 n.3. He has not shown that any objection to the calculation would have been sustained. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (counsel is not ineffective for failing to raise a meritless argument). There is a presumption that counsel's decision regarding what objections to pursue in response to the issuance of the PSR falls within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689 (noting that there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). Movant has failed to overcome the "strong presumption" under the circumstances.

Movant fails to demonstrate that his counsel was ineffective for failing to object to the drug quantity for which he was held accountable. He has failed to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. He has failed to "affirmatively prove" that he was prejudiced by his counsel's alleged deficient performance, so has failed to demonstrate his counsel provided ineffective assistance. *Id.* at 687, 692-93.

**B.     Investigation**

Movant's argument that his attorney erred by failing to investigate the facts, law, and circumstances also fails. (See doc. 3 at 7.)

Counsel has a duty to make reasonable investigations or to make a reasonable decision that particular investigations are unnecessary. *See Moore v. Johnson*, 194 F.3d 586, 616 (5th Cir. 1999). To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome

8

of the trial. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005); *see also United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) ("A [movant] who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.").

Here, Movant has failed to explain precisely what his counsel's investigation would have uncovered that would have been advantageous to him, and how it would have resulted in a different outcome. He is not entitled to relief on his conclusory claim. *See Miller*, 200 F.3d at 282 (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.").

## IV. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A movant is entitled to an evidentiary hearing on his § 2255 motion only if he presents "independent indicia of the likely merit of [his] allegations." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1012 n.2 (5th Cir. 1983); *accord United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue"); *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

Upon review of the motion to vacate and the files and records of this case, an evidentiary

hearing appears unnecessary. The matters reviewed conclusively show that Movant is entitled to no relief.

## V. RECOMMENDATION

The motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 9th day of April, 2020.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE